

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:UAD/SD
F.#2011R000935\NY-NYE-635-H

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 19, 2012

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. James Rosemond, also known as "Jimmy Henchmen," et al.
          Criminal Docket No. 11-424 (S-3)(JG)

Dear Judge Gleeson:

      Pursuant to the Court's March 16, 2012 Order, the government respectfully submits this letter to address the Court's proposal to advance trial in the above-mentioned case from May 21, 2012, to May 7, 2012.  The government respectfully objects to the proposal and requests that the trial date either not be changed or be moved to a later date convenient for all parties.  In the alternative, the government respectfully requests that the parties select a jury on May 7, 2012, and begin trial on May 14, 2012.

      On March 5, 2012, the Court set trial in this case for May 21, 2012.  By letter dated March 6, 2012, citing a June 4, 2012 pre-existing trial date on another case, counsel for the defendant James Rosemond requested a new trial date.  At a status conference on March 9, 2012, in light of the fact that the lead prosecutors on this case, Carolyn Pokorny and Todd Kaminsky, were currently on trial and were expected to be on trial until approximately late-April, the government joined in the request for a new date and sought an adjournment of the May 21, 2012 date.  The Court denied the government's request.  However, on March 16, 2012, to accommodated defense counsel, the Court proposed advancing trial by two weeks to May 7, 2012.

      The government objects to any advancement of trial in this case, as it would prejudice the government's ability to prepare.  The instant Superseding Indictment followed years of

investigation, involving both local and federal law enforcement agencies across the country. As such, there is a voluminous amount of material that the government must review to ensure that it abides by its discovery and disclosure obligations, makes and responds to any appropriate motions, and prepares the many anticipated witnesses.

Ordinarily, trial preparation would not present an issue. However, here, the two prosecutors who are familiar with the case, and have developed the case since its inception, are unavailable to prepare for trial — or even meaningfully assist others in disclosure and trial preparations — until the end of April. Given this fact, even with recent staffing adjustments the government has made, advancement of trial by an additional two weeks to May 7, 2012 will result in significant prejudice to the government. As such, the government respectfully objects to the Court's proposal to advance the current trial date.

In the alternative, if the Court is disinclined to keep the current trial date of May 21, 2012, or adjourn trial to a later date convenient for all parties,[1] the government respectfully requests that the parties select a jury on May 7, 2012, and begin trial on May 14, 2012.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: _____/s/_____
Una A. Dean
Soumya Dayananda
Assistant U.S. Attorney
(718) 254-6473

cc: All counsel (via ECF)
    Clerk of Court (JG)(via ECF)

---

[1] Speedy Trial time has been excluded for the three remaining defendants until April 27, 2012. By the government's calculation, all but twenty-one days have been excluded for Speedy Trial purposes for the defendant Rosemond to date. To date, the defendants Bennett and Williams have agreed to exclusion of all but five days and eight days, respectively. As such, adjournment of trial in this matter by as many as forty-nine days, which would begin to run on April 27, 2012, would not run afoul of the defendants' Speedy Trial rights.