

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLT:SD/UAD/LXN
F.#2011R00935\NY-NYE-635-H

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 9, 2012

**BY HAND & ECF**

The Honorable John Gleeson
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. James Rosemond, also known as "Jimmy Henchmen," et al.
> <u>Criminal Docket No. 11-424 (S-4)(JG)</u>

Dear Judge Gleeson:

      The government respectfully submits this letter in response to the defendant James Rosemond's memorandum of law filed on March 26, 2012. In his motion, the defendant moves to (1) dismiss Counts One, Three, Four, Five and Six and Violation One, Two, Three and Four because they are "impermissibly duplicitous;" (2) dismiss Count Fourteen due to lack of venue; (3) strike the alias "Jimmy Henchman" from the indictment and (4) requests a Bill of Particulars.  For the reasons stated below, the defendant's motion should be denied in its entirety.

I.    <u>Background</u>

      On June 30, 2011, a grand jury returned a superseding indictment, <u>United States v. Rosemond</u> et al, 11-CR-424 (S-2)(JG),[1] charging the defendant in count one with engaging in a Continuing Criminal Enterprise, alleging that since 2007, Rosemond has served as the principal leader of a drug organization that generated more than $10 million in gross receipts during a twelve-month period from cocaine distribution, in violation of Title 21, United States Code, 848(c).  In addition, Rosemond was charged with two counts of conspiracy to distribute cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II), three counts of

---

[1] The original indictment in this matter did not name Rosemond as a defendant.

distribution of cocaine in violation of Title 21, United States Code 841(a)(1), one count of possession of cocaine with intent to distribute in violation of Title 21, United States Code 841(a)(1), one count of attempted distribution of cocaine in violation of Title 21, United States Code, Section 841(a)(1), one count of money laundering conspiracy in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I), one count of substantive money laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(1) and 1956(a)(1)(B)(ii), engaging in unlawful monetary transactions of over $10,000, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, structuring financial transactions in violation of Title 31, United States Code Sections 5324(a)(3) and 5324(d)(2) and obstruction of justice in violation of Title 18, United States Code, Section 1512(b)(3). On September 1, 2011, a grand jury returned a third superseding indictment ("S-3") which joined Darron Lamont Bennet as a defendant. Since the filing of the defendant's motion to dismiss, a grand jury returned a fourth superseding indictment ("S-4") on April 6, 2012.

The charges in the superseding indictment are the result of a three year investigation by agents from the Drug Enforcement Administration ("DEA") and Internal Revenue Service ("IRS") into a large-scale, bi-coastal narcotics-trafficking organization operated by Rosemond that shipped cocaine from the Los Angeles, California area to the New York City Metropolitan area and that, in-turn, shipped proceeds of narcotics sales back to Los Angeles. The Rosemond organization used a variety of shipping methods as part of its operations, including using Federal Express to ship boxes of mustard-covered cocaine, using a music equipment shipping company to ship cocaine and money concealed in music equipment cases, and using a specialty shipping company to ship cocaine concealed in cars. During the course of the investigation, DEA and IRS agents have gathered extensive evidence demonstrating that Rosemond was the principal leader of this organization.

In addition to the narcotics conspiracy, the defendant has been charged with a money laundering conspiracy, unlawful monetary transactions and structuring financial transactions which stem from Rosemond hiding the substantial cash he received from the narcotics proceeds which he hid from law enforcement by "cleaning" the money using a number of different techniques. In addition, Rosemond was indicted for obstruction of justice as a result of his efforts to prevent a member of his organization from cooperating with the government soon after his arrest.

II. The Defendant's Motion to Dismiss Counts One, Three, Four, Five and Violations One, Two, Three and Four Should be Denied

The defendant contends that Count One, the Continuing Criminal Enterprise which includes Violations One, Two, Three and Four and Counts Three, Four, Five and Six should be dismissed because they are "impermissibly duplicitous." Def. Br. 1. On April 6, 2012, however, a grand jury sitting in the Eastern District of New York returned a superseding indictment which separates the aforementioned challenged counts and violations into "distinct crimes". See United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983). See also attached as Exhibit A, Superseding Indictment, United States v. Rosemond, et al (S-4). Accordingly, the defendant's argument is moot.

Specifically, in the prior superseding indictment (S-3), Violation One (Count Three) included a date range of "on or about and between June 1, 2009 and August 31, 2009." The date range has now been separated into two distinct narcotics distribution counts, specifically May 29, 2009 (Violation Two) and August 25, 2009 (Violation Three).[2] Likewise, the prior indictment (S-3) charged Violation Three (Count Five) as a date range of "on or about and between August 1, 2010 and August 31, 2010." The S-4 indictment charges a distinct date of August 23, 2010 in Violation Twenty-Two. Similarly, in the prior indictment (S-3), Violation Four (Count Six) charged the date range "on or about and between November 1, 2010 and November 30, 2010." In the instant S-4 indictment, the dates have been amended to include the date of a delivery of cocaine, November 17, 2010 and the date of the seizure of proceeds on December 29, 2010, in Violation Five.

III. The Defendant's Motion to Dismiss Count Fourteen

The defendant moved to dismiss Count Fourteen, Felon in Possession of a Firearm, due to lack of venue. The superseding indictment no longer contains this count. Accordingly, the defendant's argument is moot.

---

[2] While the government intends to admit evidence concerning the dates alleged in Violation Two (Count Four), specifically November 9, 2009 and December 2, 2009, as part of the overarching conspiracy charges, those dates are no longer charged as a separate violation or count.

3

IV.  <u>The Defendant's Motion to Strike the alias "Jimmy Henchman"</u>

The defendant moves to strike the alias "Jimmy Henchman" from the indictment and seeks to preclude the government from using the name at trial. Def. Br. 8. The defendant argues that the alias is "not relevant to the crime charged" and is prejudicial. See <u>United States v. Scarpa</u>, 913 F. 2d 992, 1013(2d Cir. 1990). On the contrary, because a significant number of the defendant's co-conspirators know the defendant from the music industry where the defendant used the nickname, "Jimmy Henchman," the defendant's argument fails. <u>See</u> <u>United States v. Burton</u>, 525 F.2d 17, 19 (2d Cir. 1975). In <u>Burton</u>, the Second Circuit held that because government witnesses knew the defendant by his nickname, "the defendant's nickname was relevant to the government's case and [was] therefore properly before the jury."  Similarly, because many of the witnesses in this case know the defendant by his nickname, this nickname or alias is relevant and admissible.

Moreover, the defendant's contention that the alias is suggestive of criminal disposition is at best, speculative. Indeed, the defendant built a successful career in the music industry based upon the name he chose to use, "Jimmy Henchman" and named his company, Henchman Entertainment.  Accordingly, any argument concerning potential prejudice to the defendant fails. Thus, references to the defendant's aliases should not be stricken from the Superseding Indictment and his motion should be denied.

V.  <u>The Defendant's Request for a Bill of Particulars</u>

The defendant requests a bill of particulars, specifically seeking the identities of the "five or more participants" and the "one or more twelve month period" of Count One, the "financial transactions" of Count Sixteen and Count Seventeen, the "monetary transactions of Count Eighteen, the transactions with a domestic financial institution" and the "one or more twelve month period" of Count Nineteen. Def. Mem. at 9-11.[3] The defendant provides no explanation, however, as to why the disclosure of this information is necessary for the defendant

---

[3] In his request for a bill of particulars, the defendant also requested the identification of the firearm in Count Eleven. The S-4 indictment no longer contains this charge.

4

to understand the nature of the charges or to prepare for a defense. For the reasons set forth below, a bill of particulars is unnecessary and this request should be denied in its entirety.

Under the Federal Rules of Criminal Procedure, an indictment need only set forth a "plain, concise and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c). Additional details, in the form of a bill of particulars, are not appropriate unless the indictment is too vague to inform the defendant of the nature of the charges so as to allow the preparation of a defense, avoid unfair surprise, and preclude double jeopardy. See United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). If the information sought by the defendant is provided in the indictment or through some other means, a bill of particulars is not warranted. See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Urso, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005). "[T]he burden is on the defendant to show that non-disclosure of the requested particulars will lead to prejudicial surprise at trial or will adversely affect his rights." United States v. Maneti, 781 F. Supp. 169, 186 (W.D.N.Y. 1991).

It is improper to use Rule 7(f) as a mechanism to limit the government's evidence, or to flush out the prosecution's theories in advance of trial. See Urso, 369 F. Supp. 2d at 272 ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars."); United States v. Ianniello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars."); United States v. Albunio, No. 91 CR 0403 (S-2), 1992 WL 281037, at *2 (E.D.N.Y. Sept. 9, 1992) ("[T]he defendant's right to know the crime with which he is charged must be distinguished from his right to know the evidentiary details by which proof of his culpability will be established."). The ultimate test of the appropriateness of a bill of particulars is whether the information is necessary, not whether it is helpful, to the defendant. See United States v. Aliperti, 867 F. Supp. 142, 148 (E.D.N.Y. 1994).

The law is also clear that a defendant is not entitled to detailed evidence as to how, when, where or with whom an alleged conspiracy took place. See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991) (bill of particulars not required to identify the specific activities by which defendant furthered conspiracy); United States v. Feola, 651 F. Supp. 1068, 1132

5

(S.D.N.Y. 1987). Consequently, "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." United States v. Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (collecting cases); cf. Torres, 901 F.2d at 233-34 (upholding district court's denial of bill of particulars where defendant had requested, in part, "the identity of those other persons 'known and unknown' as alleged in . . . the indictment . . . [and] precise dates and locations" and noting that defendant was not entitled to "evidentiary detail"). "The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004) (citation omitted).

Indeed, "[c]ourts have been highly reluctant to require a bill of particulars when defendants have asked for specific identities of co-conspirators or others allegedly involved." United States v. Coffey, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005) (collecting cases). "[T]he temptations of perjury, subornation and intimidation are ever present in this case." Id. (internal quotation marks omitted). Accordingly, it is especially important that the government not be "required to turn over information that will permit a defendant to preview the government's case and tempt him . . . to see to it that the government's proof is not presented." Id. (internal quotation marks omitted).

Here, the indictment, together with the information the government has provided in the voluminous discovery productions, adequately informs the defendant of the charges against him. Accordingly, the defendant's request for a bill of particulars should be denied.

6

VI. Conclusion

        For all the foregoing reasons, the defendant motion should be denied in its entirety.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney
                                      Eastern District of New York

                            By:   /s/
                                      Soumya Dayananda
                                      Una A. Dean
                                      Lan Nguyen
                                      Assistant U.S. Attorneys
                                      (718) 254-6473/7996/6162

Enclosures

cc:   All counsel (By ECF)
      Clerk of Court (JG) (By ECF under seal w/o attachments)